UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ESTEPHANIE ELIZABETH VAREL GARCIA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) | Case No. 1:26-cv-00175-SNLJ |
| | ) | |
| GARY STOLZER, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Estephanie Elizabeth Varel Garcia, a federal immigration detainee, filed

a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the

legality of her continued civil detention.  [Doc. 1].  Respondent opposes the habeas

petition.  [Doc. 3].  After reviewing the pleadings, the Court finds a hearing is not

necessary because this case presents a purely legal question based on undisputed facts.

For the reasons set forth below, the Court denies the petition.

## I. BACKGROUND

Petitioner Estephanie Elizabeth Varel Garcia is a native and citizen of Venezuela.

[Doc. 1-1 at ¶¶ 9, 13].  Petitioner entered the United States on July 14, 2022, at the

Mexican border.  [Doc. 5-1] (noting entry on July 14, 2022 as "PWA Mexico").  On July

16, 2022, the Department of Homeland Security issued her parole and released her from

custody pursuant to INA § 212(d)(5).  [*Id.*].  Thereafter, Petitioner complied with every

significant requirement imposed by the United States immigration system.  [Doc. 1-1 at

2].  She sought humanitarian protection through lawful procedures, submitted herself to the authority of United States Citizenship and Immigration Services ("USCIS"), obtained employment authorization issued by the Department of Homeland Security, maintained lawful employment, filed federal income tax returns, remained available to immigration authorities, and appeared whenever instructed to do so.  [Doc. 1-1 at ¶¶ 25-35].

On July 7, 2026, Petitioner appeared for a scheduled USCIS appointment after receiving notice directing her to appear.  [Doc. 1-1 at ¶¶ 36-39].  Following her appearance at USCIS, she was taken into custody by officers of U.S. Immigration and Customs Enforcement ("ICE") and her parole was terminated.  [Doc. 1-1 at ¶¶ 41, 47; Doc. 5-1].  The termination of parole notice states that "[n]either urgent humanitarian reasons nor significant public benefit warrant your continued parole at this time."  [Doc. 5-1].  She is currently detained at the Ste. Genevieve County Detention Center pending removal proceedings.  [Doc. 1-1, ¶ 4].

## II. DISCUSSION

"Writs of habeas corpus may be granted by...the district courts...within their respective jurisdiction."  28 U.S.C. § 2241(a).  "Habeas is at its core a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008).  A district court may grant a writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c).  Federal courts have jurisdiction to hear habeas challenges to the lawfulness of immigration-related detentions.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

In challenging the legality of her continued civil detention, Petitioner seeks a

determination as to whether her continued detention complies with the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment to the United States Constitution.[1]  Specifically, she requests that Respondent identify the statutory authority relied upon to justify her continued detention and demonstrate that her detention satisfies the requirements imposed by that statutory framework.  Respondent maintains that Petitioner is properly detained without the possibility of bond under § 1225(b)(2)(A) and that rulings of this Court, the Eighth Circuit, and the Supreme Court support her continued detention.

The Eighth Circuit's decision in *Avila v. Bondi* forecloses any challenge to the Government's statutory authority to continue to detain Petitioner without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  *Avila v. Bondi*, 170 F.4th 1128, 1133–38 (8th Cir. 2026) (holding that any noncitizen who has not lawfully entered into the United States "after inspection and authorization by an immigration officer"—falls under § 1225(b)(2)(A)'s mandatory detention requirement).  Additionally, any constitutional claims regarding her continued detention under § 1225(b)(2)(A) are foreclosed by rulings from this Court, the Eighth Circuit, and the Supreme Court.  *See Demore v. Kim*, 538 U.S. 510 523 (2003) (holding that mandatory detention pending removal proceedings does not violate due process); *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024) (holding that mandatory

---

[1] The Petition does not mention whether administrative exhaustion occurred.  However, exhaustion is excusable—and, indeed, unnecessary—where the dispute presents a purely legal question requiring no further factual or procedural development.  *See Cutiopala v. Noem*, 1:26-cv-00211-MAL, 2026 WL 113567 at *1 (E.D. Mo. Jan. 15, 2026) (citing *State of Mo. v. Bowen*, 813 F.2d 684, 871 (8th Cir. 1987).

detention pending removal proceedings does not violate due process); *Lugo-Solet v. Mullin*, No. 1:26-cv-00052-ZMB, 2026 WL 1162233, at \*3 (E.D. Mo. Apr. 29, 2026) (collecting cases) (denying similar constitutional arguments).

Accordingly,

**IT IS HEREBY ORDERED** that Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion seeking injunctive relief [Doc. 2] is **DENIED**.

**SO ORDERED** this 10th day of August, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE